## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH P. MARTINEZ,
                    Appellant,

            v.

DEPARTMENT OF HOMELAND
        SECURITY,
                    Agency.

DOCKET NUMBER
DE-0752-14-0210-I-2

DATE: January 12, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven W. Zachary, Esquire, Mesa, Arizona, for the appellant.

Adam A. Odell, Callie LeRoy, Esquire, and Dean L. Lynch, Esquire,
    Tucson, Arizona, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely refiled without good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant filed a Board appeal challenging his removal. *Martinez v. Department of Homeland Security*, MSPB Docket No. DE-0752-14-0210-I-1, Initial Appeal File (I-1 IAF), Tab 1. During the proceedings below, the agency asserted that the appellant produced several sensitive law enforcement documents in the course of discovery and that the appellant's unauthorized possession and production of these documents presented an apparent violation of law. I-1 IAF, Tab 15 at 4. The agency referred the matter for investigation and requested that the appeal be stayed pending its outcome. *Id.* The parties stipulated to a dismissal without prejudice. I-1 IAF, Tab 17, Initial Decision (I-1 ID) at 2. The administrative judge thus dismissed the appeal without prejudice on May 7, 2014, stating that the appeal must be refiled no later than either 30 days after the agency notified the appellant that it concluded its investigation or September 7, 2014, whichever was earlier. *Id.* The administrative judge also warned the appellant that, if he did not refile his appeal within the aforementioned deadline, it might be dismissed as untimely filed. *Id.*

¶3    The agency concluded its investigation in December 2014, but it did not inform the appellant that the investigation was closed.  *See Martinez v. Department of Homeland Security*, MSPB Docket No. DE-0752-14-0210-I-2, Initial Appeal File (I-2 IAF), Tab 6 at 14.  The appellant did not refile his appeal until May 2015.  I-2 IAF, Tab 1.  He asserted that good cause existed for his filing delay because, inter alia, the agency threatened criminal charges against him to get him to stop exercising his appeal rights, refiling would incite the agency to charge him with a crime, and the agency misled the administrative judge into thinking it was conducting an investigation to stop him from exercising his rights.  *Id*. at 4-7.

¶4    The administrative judge informed the appellant that his refiled appeal appeared to be untimely and ordered him to show that it was more likely than not that his appeal was refiled on time or that good cause existed for the delay.  I-2 IAF, Tab 4.  In response, the appellant asserted that good cause existed for his filing delay.  I-2 IAF, Tab 5.  Specifically, he asserted that:  (1) he timely filed his initial appeal; (2) he consistently demonstrated his intent to appeal the agency's decision; (3) the length of his filing delay was minimal, given that he was waiting for the resolution of the agency's threat of criminal charges; (4) the refiling deadline appeared to be based on the understanding that the agency had a certain time period to investigate or bring criminal charges against him and thus was confusing or arbitrary; (5) there had been only one dismissal without prejudice; and (6) the good cause standard should be liberally construed.  *Id*. at 10-15.  The agency responded that the appellant did not meet his burden of proving good cause for the delay because:  (1) he intentionally missed the refiling deadline; (2) the delay was not minimal; (3) he was represented by counsel; (4) his assertions concerning agency threats were unsupported, untrue, and implausible; and (5) he did not explain why he did not request an extension or

otherwise contact the administrative judge prior to the refiling deadline.[2] I-2 IAF, Tab 6 at 6-12. The agency also asserted that it would be prejudiced by allowing the appellant to refile his appeal. *Id*. at 12.

¶5 The administrative judge dismissed the appeal as untimely refiled with no good cause shown for the delay. I-2 IAF, Tab 7, Initial Decision (I-2 ID). The appellant has filed a timely petition for review, Petition for Review (PFR) File, Tab 1, the agency has filed a response in opposition to the petition for review, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The administrative judge correctly found, and it is undisputed, that the appellant's appeal is untimely refiled. The administrative judge dismissed the appeal without prejudice and stated that it must be refiled no later than 30 days after the agency notified the appellant that it concluded its investigation or September 7, 2014, whichever was earlier. I-1 ID at 2. Because the agency did not notify the appellant that it had concluded its investigation, I-2 IAF, Tab 6 at 14, the deadline for refiling the appeal was September 7, 2014. The appellant did not refile his appeal until May 18, 2015. I-2 IAF, Tab 1. Thus, he refiled his appeal over 8 months past the deadline set forth in the initial decision dismissing his appeal without prejudice.

---

[2] The agency also submitted an unsworn declaration of a Special Agent in Charge stating that the agency's Office of Inspector General declined to investigate the appellant's alleged unauthorized disclosure, the U.S. Attorney declined criminal prosecution, and the agency's Office of Internal Affairs closed the investigation in December 2014. I-2 IAF, Tab 6 at 14. The declarant indicated that the appellant was not notified when the investigation was closed because it is not agency policy to notify former employees that an investigation is closed. *Id*.

[3] The appellant has attached new evidence to his petition for review in the form of his August 2015 affidavit detailing the timeline of, and his reasoning for, waiting to refile his appeal. PFR File, Tab 1 at 17-18. We do not consider this evidence because it is not based on information not readily available before the record closed below, despite the appellant's due diligence. 5 C.F.R. §§ 1201.114(b), 1201.115(d); *see Ellis v. Department of the Navy*, 117 M.S.P.R. 511, ¶ 12 (2012).

¶7        Because the appeal was untimely refiled, the appellant must establish good cause for waiving the refiling deadline.  *See Medina v. Department of the Air Force*, [66 M.S.P.R. 194](#), 197 (1995).  The appellant bears the burden of proof, by a preponderance of the evidence, regarding issues of timeliness.[4]    [5 C.F.R. § 1201.56](#)(b)(2)(i)(B).    The Board has identified the following factors as supporting a finding of good cause for waiving the refiling deadline:  (1) the appellant's pro se status, timely filing of the initial appeal, intent throughout the proceedings to file an appeal, minimal delay in refiling, and any confusion; (2) the small number of dismissals without prejudice; (3) an arbitrary refiling deadline; (4) the agency's failure to object to the dismissal without prejudice; and (5) the lack of prejudice to the agency in allowing the refiled appeal.  *Gaddy v. Department of the Navy*, [100 M.S.P.R. 485](#), ¶ 13 (2005).

¶8        In his initial decision on the refiled appeal, the administrative judge found that the appellant did not show good cause for the refiling delay because:  (1) he was represented by counsel; (2) the length of the delay was significant; (3) the appellant did not assert confusion concerning the filing deadline; (4) the deadline was not arbitrary; (5) the fact that there was only one dismissal without prejudice was unimportant, particularly given the extreme delay by the appellant in refiling his appeal; and (6) the appellant failed to explain why he could not refile his appeal within the relevant time period.  I-2 ID at 5.  We agree.  *See Nelson v. U.S. Postal Service*, [113 M.S.P.R. 644](#), ¶¶ 9-10 (2010) (finding no good cause for a pro se appellant's 4-month delay in refiling his appeal where the initial decision clearly identified the date for refiling and warned him of the consequences of failure to refile by that date, and he failed to provide any evidence justifying any confusion over the deadline).

---

[4] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. [5 C.F.R. § 1201.4](#)(q).

¶9        Further, we find that the appellant's arguments on review do not provide a basis for disturbing the initial decision. PFR File, Tab 1. The appellant appears to assert that the administrative judge erred in finding no good cause shown for his untimely refiling because he should have found that the refiling would "incite the agency" to take action against him. *Id*. at 10-11. We find no error in this respect, however, because we agree with the administrative judge that the appellant has not submitted specific evidence or argument regarding how refiling his appeal or contacting the regional office prior to the expiration of the refiling deadline to communicate his intent to refile his appeal would have affected the agency's investigation or caused the agency to take any action against him. I-2 ID at 5. The appellant also asserts that the agency's decision whether or not to pursue criminal charges was a circumstance beyond his control. PFR File, Tab 1 at 11-12. However, he does not explain how the agency's pursuit of the investigation, even if outside of his control, affected his ability to refile his appeal or otherwise communicate to the regional office his intent to refile. We therefore find that this argument does not demonstrate good cause for the appellant's untimely refiling. *See Chavez v. Office of Personnel Management*, 46 M.S.P.R. 390, 393 (1990) (finding no good cause for the delay in filing the appeal where, although the appellant presented circumstances outside of his control, he did not explain how the circumstances affected his ability to timely file his appeal). Finally, the appellant asserts that we should grant his petition for review in the interest of public policy because no agency should be permitted to mislead an appellant into believing that he may face criminal charges if he chooses to refile an appeal. PFR File, Tab 1 at 12-13. We find that the appellant has not presented evidence or argument regarding how the agency misled him into believing that he may face criminal charges if he chose to refile

his appeal.  Thus, we find that this argument does not provide a basis for disturbing the initial decision.[5]

¶10      Finally, we have considered the appellant's remaining arguments, including his reassertion of many of the arguments from below. PFR File, Tabs 1, 4. However, these arguments do not provide a basis for disturbing the initial decision.  *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).  Accordingly, we find that the appellant has not shown good cause for his untimely refiling.  *See Medina*, 66 M.S.P.R. at 197-98.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

---

[5] There is no evidence that the agency threatened to file criminal charges because the appellant filed an appeal or intended to refile his appeal.  Further, the agency states that the U.S. Attorney has the sole power of criminal prosecution.  PFR File, Tab 3 at 10 (citing 28 U.S.C. § 547).

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.